```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
DEANNA ALVES,                       )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 14-229 S
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF THE SOCIAL          )
SECRUITY ADMINISTRATION,            )
                                    )
          Defendant.                )
_____ )
```

### ORDER

WILLIAM E. SMITH, Chief Judge.

On April 22, 2015, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 13) recommending that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 12) ("Def.'s Mot.") be DENIED; that Plaintiff's Motion to Reverse Without or, Alternatively, With Remand for a Rehearing the Commissioner's Final Decision (ECF No. 10) ("Pl.'s Mot.") be GRANTED; and that this matter be REMANDED for further administrative proceedings consistent with the recommendations in the R&R.  Defendant filed an objection to the R&R (ECF No. 14) ("Def.'s Obj.").

This Court hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the R&R, with the following clarification: on remand, the

Administrative Law Judge ("ALJ") should first determine whether Plaintiff meets the definition of "mental retardation" in the introductory paragraph of Listing 12.05 of the Commissioner's Listing of Impairments; namely, whether she has shown "deficits in adaptive functioning initially manifested during the developmental period." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 ("Listing 12.05"). If the ALJ finds that Plaintiff meets this threshold definition, the ALJ should then, as Magistrate Judge Almond recommended, consider whether Plaintiff meets the severity criteria of Listing 12.05(C) due to her Post-Traumatic Stress Disorder ("PTSD").[1]

> Listing 12.05 provides the criteria for "Mental retardation":[2]
>
> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

Thus, Listing 12.05 "contains two parts: (1) an introductory paragraph that describes mental retardation in terms of subaverage

---

[1] The relevant facts, procedural background, and analysis are fully set forth in the R&R. The Court limits its discussion to and presents only those facts pertinent to Defendant's Objection.

[2] Listing 12.05 was recently amended to change the name of the category from "mental retardation" to "intellectual disability," but the substantive requirements to meet the Listing have not changed.

intellectual functioning and deficits in adaptive functioning manifest before age 22; and (2) subparagraphs specifying the required level of severity."  Libby v. Astrue, 473 F. App'x 8, 8-9 (1st Cir. 2012) ("Libby I").  To be considered disabled pursuant to Listing 12.05, Plaintiff must meet both the requirements of the introductory paragraph and the requisite level of severity in one of the subparagraphs.  Id. at 8.

The ALJ found that Plaintiff was not disabled because she failed to meet the severity requirements of any of the subparagraphs of Listing 12.05; however, he did not specifically address whether Plaintiff met the threshold requirement of the introductory paragraph.  (See Tr. 22-24.)  Consequently, in reviewing the ALJ's decision, Magistrate Judge Almond focused on the severity criteria rather than the introductory paragraph.  With respect to subparagraph C of Listing 12.05, Magistrate Judge Almond found that the ALJ failed to properly consider Plaintiff's PTSD in determining that Plaintiff did not have an "other mental impairment imposing an additional and significant work-related limitation of function."[3]  The R&R notes that the ALJ relied on records that pre-dated the incident from which Plaintiff developed PTSD, and gave

---

[3] Listing 12.05(C) is satisfied where there is "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

3

minimal weight to the assessments that noted Plaintiff's worsening condition after this incident because they were supposedly not consistent with the record.  (See R&R 17-18, ECF No. 13.) Accordingly, the R&R recommends that the matter be remanded for further consideration of Plaintiff's PTSD.

Defendant's Objection argues that Magistrate Judge Almond "failed to acknowledge the additional requirements of Listing 12.05's introductory paragraph, and to address the Commissioner's argument that the record did not support a finding that Plaintiff met those additional requirements."  (Def.'s Obj. 2, ECF No. 14.) According to Defendant, Plaintiff does not meet the requirements of Listing 12.05's introductory paragraph because she has failed to show any "deficits in adaptive functioning initially manifested during the developmental period."  (Id.)

As noted above, it is not clear from the ALJ's decision whether he considered the threshold question of whether or not Plaintiff has shown "deficits in adaptive functioning initially manifested during the developmental period."  (See Tr. 22-24.) This Court does not agree with Defendant that there is a clear "absence of the requisite evidence of 'deficits in adaptive functioning initially manifested during the developmental period.'"  (Def.'s Obj. 3, ECF No. 14.)  Plaintiff has repeatedly been diagnosed with "mild mental retardation" and received

4

extensive special education services throughout her youth. (See R&R 10-15, ECF No. 13.) That said, as Defendant notes:

> Plaintiff by her own admission can take care of her personal needs, care for a pet, do some housework and cooking, drive, shop, see friends and play sports with them, watch television, [] use a computer[,] . . . plan a menu and purchase the necessary food items for it, complete a job application independently, and baby-sit.

(Def.'s Mot. 15, ECF No. 12.) Courts have found that a similar level of functioning does not meet the criteria of Listing 12.05. (Id.); see Stanley v. Colvin, Civil Action No. 11-10027-DJC, 2014 WL 1281451, at *17 (D. Mass. Mar. 28, 2014) (no deficits in adaptive functioning where the plaintiff was able to "keep and attend medical appointments[,] . . . obtain her driver's license[,] . . . alternate[] with her aunt in cleaning, cooking and taking care of their apartment[,] . . . sometimes communicate[] with friends by cell phone and [] occasionally accompany them out for lunch or coffee"); Libby v. Astrue, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *11 (D. Me. July 19, 2011)("Libby II"), report and recommendation adopted, 2011 WL 3715087 (D. Me. Aug. 24, 2011), aff'd, 473 F. App'x 8 (1st Cir. 2012) (no deficits in adaptive functioning where the plaintiff "obtained a driver's license, . . . drove regularly[,] . . . was able to perform household activities of daily living such as cooking, cleaning, helping take care of her disabled husband, and occasionally babysitting her grandchildren[,] . . . engaged in leisure/social activities[,] .

5

. . [and] took care of two cats, a bird, and fish"). Nonetheless, "the presence of certain, relative adaptive abilities does not rule out the presence of deficits in other areas of adaptive functioning." Richardson v. Soc. Sec. Admin. Comm'r, No. 1:10-cv-00313-JAW, 2011 WL 3273140, at *9 (D. Me. July 29, 2011), report and recommendation adopted, 2011 WL 3664357 (D. Me. Aug. 18, 2011) (remanding for further consideration where the ALJ based her finding that the plaintiff lacked deficits in adaptive functioning on "a subset of relative adaptive abilities" without considering "the other side of the ledger").

Here, this Court finds that "the evidence as a whole does not compel a conclusion that the plaintiff failed to meet the capsule definition of Listing 12.05. However, it permits that conclusion." Libby II, 2011 WL 2940738, at *12. Thus, this Court will not "substitute its judgment for" that of the ALJ, id., and remands this matter for further consideration; if the ALJ finds that Plaintiff meets the criteria of Listing 12.05's introductory paragraph, the ALJ must then evaluate whether Plaintiff's PTSD is a "mental impairment imposing an additional and significant work-related limitation of function" pursuant to Listing 12.05(C), consistent with the R&R.

For these reasons, the R&R is hereby ADOPTED with the clarification outlined in this Order; the Commissioner's Motion for an Order Affirming the Decision of the Commissioner is DENIED;

6

Plaintiff's Motion to Reverse Without or, Alternatively, With Remand for a Rehearing the Commissioner's Final Decision is GRANTED; and this matter be REMANDED for further administrative proceedings consistent with this Order and the R&R.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date:  November 5, 2015